UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APRILE VAZZANO, | § § § | |
| Plaintiff, | § § | Case No. 3:21-cv-00825 |
| v. | § § | |
| RECEIVABLE MANAGEMENT SERVICES, LLC, | § § § § | |
| Defendant. | § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Aprile Vazzano ("Plaintiff") files this Complaint against Defendant Receivable Management Services, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Practices Act, Tex. Fin. Code § 392.000 *et seq.* ("TDCPA") and in support thereof, states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Similarly, the Texas legislature enacted the Texas Debt Collection Practices Act, Tex. Fin. Code § 392.000 *et seq.* ("TDCPA") to further eliminate abusive debt collection practices by debt collectors, to further ensure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Aprile Vazzano ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Receivable Management Services, LLC ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to another plaintiff, or to a plaintiff's counsel, which Plaintiff allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

7. Any violation by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); and, (ii) the Texas Debt Collection Practices Act, Tex. Fin. Code §§ 392, *et seq.* ("TDCPA").

11. Because Defendant's conduct business within the State of Texas, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Dallas, State of Texas which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Dallas, State of Texas, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and Tex. Fin. Code §§ 392.001(1).

15. Defendant Receivable Management Services, LLC is a corporation headquartered in the State of Pennsylvania and doing business in the State of Texas. Defendant may be served with process at C T Corporation System, 1999 Bryan, Street, Suite 900, Dallas, Texas 75201.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by Tex. Fin. Code §§ 392.001(5), and are therefore "debt collector(s)" as that term is defined by Tex. Fin. Code §§ 392.001(6), and, 15 U.S.C. § 1692a(6).

17. This action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Tex. Fin. Code §§ 392.001(2).

## FACTUAL ALLEGATIONS

18. Sometime before February 15, 2020, Plaintiff is alleged to have incurred certain financial obligations to Progressive Advanced Insurance Company.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, but before February 15, 2020, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

21. Subsequently, but before February 15, 2020, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On or about March 5, 2020, Plaintiff sent Defendant a certified letter, that this alleged debt, or some portion of it, was disputed.

23. In this same correspondence, in a manner consistent with 15 U.S.C. § 1692c(c) Plaintiff informed Defendant that Plaintiff refused to pay the alleged debt.

24. Plaintiff received confirmation that Defendant's agent Bob Rahn signed for the certified letter on March 9, 2020.

25. Despite Plaintiff's written request to stop contacting her, Defendant continued to send a collection letter on November 11, 2020, and, consequently, Defendant violated 15 U.S.C. § 1692c(c).

26. This letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

27. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

28. After Defendant was notified in writing that Plaintiff wished Defendant to cease further contact with the consumer, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

29. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

30. Defendant's actions caused Plaintiff actual damages in the form or emotional distress mental anguish type damages, which manifested in symptoms including but not limited to: stress, anxiety, embarrassment, worry, sleeplessness, hopelessness, helplessness, all impacting her personal and professional relationships.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §§ 1692 ET SEQ.

31. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one vazvazzanoof the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## VIOLATION OF THE TEXAS DEBT COLLECTIONS PRACTICES ACT
## TEX. FIN. CODE §§ 392.001-392.404 (TDCPA)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the TDCPA.

36. As a result of each and every violation of the TDCPA, Plaintiff is entitled to any actual damages pursuant to Tex. Fin. Code § 392.403(a)(2); statutory damages for a knowing or

willful violation in an amount not less than $100.00 for each violation of this chapter; and, reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b) from each Defendant.

## DEMAND FOR JURY TRIAL

37. Please take notice that Plaintiff demands a trial by jury in this action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

A. An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant;

B. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;

C. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Defendant;

D. Any and all other relief that this Court deems just and proper.

Dated: April 9, 2021

**KAZEROUNI LAW GROUP, APC**

By: /s/ Ramona Ladwig
Ramona V. Ladwig, Esq.
Bar No. 24092659
ramona@kazlg.com
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Telephone: (214) 880-6362
Facsimile: (800) 635-6425

Abbas Kazerounian, Esq.
Bar No. 24090982
ak@kazlg.com
245 Fischer Ave, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*