IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| APRILE VAZZANO, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:21-CV-0825-D |
| VS. § | |
| § | |
| RECEIVABLE MANAGEMENT § | |
| SERVICES, LLC, and § | |
| RLI INSURANCE COMPANY, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Aprile Vazzano ("Vazzano") asserting claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Texas Debt Collection Practices Act, Tex. Fin. Code Ann. § 392.001 *et. seq.* (West 2016) ("TDCPA"), defendant Receivable Management Services, LLC ("RMS") moves under Fed. R. Civ. P. 12(b)(6) for partial dismissal. For the following reasons, the court denies the motion.

I

This lawsuit arises out of a prepaid automobile insurance policy that Vazzano obtained from Progressive Advanced Insurance Company ("Progressive").[1] According to

---

[1] The court has already addressed this lawsuit in a recent memorandum opinion and order that sets out the background facts. *See Vazzano v. Receivable Mgmt. Servs., LLC*, 2021 WL 3742618, at *1 (N.D. Tex. Aug. 24, 2021) (Fitzwater, J.). Because the facts of this case are not complex, the court will recount them again here.

Vazzano's first amended complaint ("amended complaint"), for her insurance policy with Progressive to take effect, she was required to make advance premium payments. Vazzano later switched insurance companies and canceled her prepaid policy with Progressive. Unbeknownst to Vazzano, however, when she canceled the account Progressive generated a debt on her account that was not authorized by the agreement underlying the debt or the State of Texas. Progressive then transferred the debt to defendant RMS for collection.[2]

Shortly thereafter, RMS contacted Vazzano regarding the debt via numerous telephone calls and collection letters. Vazzano contacted Progressive about the debt to seek a resolution. She also notified RMS of her efforts to resolve the debt with Progressive. RMS, however, continued the telephone calls and collection letters.

In response, Vazzano sent the following letter to RMS, by certified mail, return receipt requested, dated March 5, 2020:

> Re: Reference No. [redacted]00 (Progressive Insurance)
>
> To whom this may concern,
>
> This letter is in response to the collection notice I received from your agency in regard to the above referenced matter.
>
> Please be advised that alleged debt is hereby being disputed, your client is fully aware that no such funds are owed to them, thus I refuse to pay.

---

[2] In deciding RMS's Rule 12(b)(6) partial motion to dismiss, the court construes the amended complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

> I have been in direct contact with your client concerning this issue and expect it to be fully resolved within the next few weeks. Formal notice is hereby given to you that all further communication shall be in writing only so that no facts are misconstrued.
>
> Respectfully,
>
> Aprile Vazzano

ECF 23-1.[3]

On March 9, 2020 RMS received the letter. On November 19, 2020 RMS sent Vazzano a letter regarding the Progressive debt (the "November Letter"). RMS's letter stated the debt owed and offered methods of payment.

Vazzano responded a few months later by filing this lawsuit, alleging claims against RMS for violating the FDCPA and TDCPA. Her original complaint[4] alleged that RMS's November Letter violated §§ 1692c(c), 1692d, and 1692f of the FDCPA and unspecified sections of the TDCPA.

RMS filed a motion for judgment on the pleadings, which the court granted with leave

---

[3]The court may consider Vazzano's letter on this motion to dismiss because the letter is referenced in her amended complaint and central to her claim. A court may review a document attached to the defendant's motion to dismiss if the document is referred to in the plaintiff's complaint and it is central to the claim. *Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 829 n.2 (N.D. Tex. 2011) (Fitzwater, C.J.) ("'[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim.'" (quoting *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003)).

[4]Vazzano's complaint is actually styled as her "complaint and demand for jury trial." The court refers to it as her "original" complaint for clarity, to distinguish it from her amended complaint.

to replead. *Vazzano v. Receivable Mgmt. Servs., LLC*, 2021 WL 3742618, at *6 (N.D. Tex. Aug. 24, 2021) (Fitzwater, J.). Vazzano then filed the instant amended complaint, adding RLI Insurance Company as a defendant and asserting many of the same claims she asserted in her original complaint.

RMS now moves under Rule 12(b)(6) for partial dismissal of Vazzano's claim under § 1692c(c) of the FDCPA. Vazzano opposes the motion. The court is deciding the motion on the briefs.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff's amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive RMS's partial motion to dismiss under Rule 12(b)(6), Maiden must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

III

A

RMS contends that Vazzano's claim under § 1692c(c) of the FDCPA must be dismissed because Vazzano waived her protection under the statute by asking for further communication to be in writing. RMS posits that Vazzano's request "that all further communication shall be in writing only so that no facts are misconstrued" was a request for further communication.[5]

Vazzano responds that her request for further communication to be in writing was not a waiver because she was not clearly requesting a communication from RMS, and, even if her request was a waiver of protection and did ask for further communication, it requested

---

[5]In its reply brief, RMS contends for the first time that Vazzano's claim must be dismissed because her letter disputed the debt, which under the statute permitted RMS to respond with a validation of the debt. *See* D. Reply at 3 (asserting that "RMS's Letter was a direct response to Plaintiff's dispute of the debt."). Because this argument was raised for the first time in RMS's reply brief, the court declines to consider it. *See, e.g., Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief." (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.))), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

only authorized communication and did not request the contents of RMS's November Letter.

B

RMS has failed to establish under the Rule 12(b)(6) standard that Vazzano waived her right to protection under § 1692c(c).[6]

1

As a threshold matter, the court notes that, although courts appear to be reaching a consensus that it is possible for a debtor to waive protections under § 1692c(c), the question is unsettled. The FDCPA does not address waiver of rights. *See generally* 15 U.S.C. § 1692c(c); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1169 (9th Cir. 2006) ("None of those exceptions [in § 1692c(c)] provide that a debt collector may contact a consumer at the consumer's request, nor does the plain language of § 1692c(c) contemplate waiver."). Several district courts—and two circuit courts—have held that a debtor *can* waive protection from further communication under § 1692c(c). *See, e.g., Scheffler v. Gurstel Chargo, P.A.*, 902 F.3d 757, 763 (8th Cir. 2018); *Clark*, 460 F.3d at 1170; *Bender v. Elmore & Throop, P.C.*, 530 F.Supp.3d 566, ___ (D. Md. 2021); *Lupia v. Medicredit, Inc.*, 445 F.Supp.3d 1271, 1282 (D. Colo. 2020), *aff'd*, 8 F.4th 1184 (10th Cir. 2021); *see also Van Alstyne v. Gc Servs.*, 2009 WL 10695068, at *12-13 (S.D. Tex. Dec. 11, 2009) (assuming, without deciding, that waiver is possible). It does not appear, however, that the Fifth Circuit

---

[6]The parties do not dispute whether Vazzano has stated a prima facie claim for a violation of § 1692c(c). The court will assume *arguendo* that she has and will only address whether RMS has demonstrated under the Rule 12(b)(6) standard that she has waived her protection under the statute.

- 6 -

has addressed this issue. *See id.* ("The Fifth Circuit has not addressed the issue of whether a debtor may waive his rights under section 1692c(c) of the FDCPA.").

2

Considering the current unsettled state of the law and the fact that RMS's motion to dismiss still fails, the court will assume *arguendo* that a debtor *can* waive her protection from a debt collector's communications under § 1692c(c).[7] Vazzano's request for communication to be in writing was not an explicit request for information. The original reasoning for allowing a waiver under § 1692c(c) (despite the lack of a textual hook for such a waiver) was to permit a debt collector to "return [a] telephone call." *See Clark*, 460 F.3d at 1170. To "hold that a debt collector may not respond to a debtor's telephone call regarding his or her debt would, in many cases, 'force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to resolve the debt—something that is clearly at odds with the language and purpose of the FDCPA.'" *Id.* (internal quotation marks omitted). As the Eighth Circuit has said, "§ 1692c(c) does not prevent a debt collector from responding to a debtor's post-cease letter inquiry regarding a debt." *Scheffler*, 902 F.3d at 763 (citing *Clark*, 460 F.3d at 1170).

Consistent with this reasoning, however, where courts have allowed a waiver, there was an *explicit* request to the debt collector for information. *E.g.*, *id.* at 760, 763 (discussing debtor who sent cease-and-desist letter but then called debt collector and asked a question

---

[7]Vazzano also appears to agree that waiver is possible. ECF No. 25, at 9 ("While a consumer can waive a § 1692c(c) cease communication directive . . . .").

about the debt); *Clark*, 460 F.3d at 1167, 1172 (discussing debtor who called collector after sending cease-and-desist letter and received a return call from debt collector); *Lupia*, 445 F.Supp.3d at 1282 (discussing debtor who asked for written confirmation of debt collector's actions); *Hochroth v. Ally Bank*, 461 F.Supp.3d 986, 1006 (D. Haw. 2020) ("Plaintiff initiated all calls with Cenlar—a total of 12—to ask a wide range of questions regarding the reinstatement of his mortgage."); *Van Alstyne*, 2009 WL 10695068, at *12-13 (discussing debtor who sent cease-and-desist letter but requested specific validation of the debt).[8]

Here, there was no explicit request for further information. Vazzano *did* explicitly request that further communication be in writing. But RMS asks the court to infer from a request that further communication only be in writing that Vazzano was in fact asking for further communication or information.[9]

___

[8]RMS also cites *Hilgenberg v. Elggren & Peterson*, 2015 WL 4077765 (D. Utah July 6, 2015), but that case is inapposite. *Hilgenberg* involved a debtor who requested that communications be by mail and asked the collector to cease communications by phone. *Id.* at *6. The court held that the debt collector's subsequent phone calls violated § 1692c(c). *Id.* The *Hilgenberg* court does not appear, however, to have addressed waiver. *See id.* RMS asks the court to draw a negative inference from the court's reasoning: that because the *Hilgenberg* court prohibited only phone calls, it implied that sending mail would have permitted under § 1692c(c). The court declines to draw this inference because only phone calls were at issue in *Hilgenberg*. *See id.*

[9]The Fifth Circuit applies the "least sophisticated" or "unsophisticated" consumer standard to determine whether the FDCPA was violated. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) ("When deciding whether a debt collection letter violates the FDCPA, this court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" (internal quotation marks omitted)). The Fifth Circuit appears to have applied this standard only under § 1692(e) and (f). *See Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016). Other circuits apply this standard under § 1692c(c) to determine whether there has been a waiver. *See Clark*, 460

- 8 -

Finding a waiver without an explicit request for information, however, would be inconsistent with the case law. As discussed above, an explicit request is required: in all of the cited cases, waivers were found when the plaintiff asked specific questions about the debt, *Scheffler*, 902 F.3d at 763, or asked for validation of the debt, *Van Alstyne,* 2009 WL 10695068, at *12-13.[8] These cases involved explicit requests for information—which are absent from the amended complaint and Vazzano's letter. The court is therefore unable to hold that Vazzano waived her protection from further RMS communication. *See, e.g., Bender*, 530 F.Supp.3d at ___ (holding that debtor did not waive protection because, although he contacted the debt collector, he did not request specific information and did not seek to discuss the debt).[9]

\* \* \*

---

F.3d at 1171. The court need not decide whether the lower "least sophisticated" or "unsophisticated" consumer standard applies for a § 1692c(c) claim because RMS's argument fails without applying this standard.

[8]RMS primarily relies on *Lupia.* But *Lupia* also involved a debtor who made an explicit request: that the debt collector send "written confirmation of [its] actions to collect/rectify this matter." *Lupia*, 445 F.Supp.3d at 1282 (citation omitted).

[9]Even assuming *arguendo* that there was an explicit request, courts limit the waiver to the information requested. *See Crumel v. Kross, Lieberman & Stone, Inc*., 2015 WL 1565432, at *5-6 (E.D.N.C. Apr. 8, 2015) ("[P]laintiff's request for verification constituted a waiver of his cease communication directive, but only with respect to the verification information"); *Van Alstyne*, 2009 WL 10695068, at *13 ("The contents of this letter indicate that Defendant sent it to continue with its collection efforts, not to respond to Plaintiff's request for more information regarding the debt . . . the Court finds that Defendant's September 11, 2008 letter to Plaintiff falls outside the parameters of this waiver."). And the information contained in RMS's November Letter cannot be said to have been narrowly responsive to Vazzano's request. The court holds that, even if Vazzano did make a specific request for communication in writing, RMS's letter exceeded the scope of that waiver.

Accordingly, for the reasons explained, the court denies RMS's October 4, 2021 partial motion to dismiss.[10]

**SO ORDERED**.

November 10, 2021.

                    _____
                    SIDNEY A. FITZWATER
                    SENIOR JUDGE

---

[10]After this memorandum opinion and order was written, but before it was filed, Vazzano filed a motion for leave to file a surreply. Because the court is denying RMS's motion and is declining to consider the new argument raised in RMS's reply brief, *see supra* note 5, the court denies the motion for leave to file a surreply.