to replead.  *Vazzano v. Receivable Mgmt. Servs., LLC*, 2021 WL 3742618, at *6 (N.D. Tex. Aug. 24, 2021) (Fitzwater, J.).  Vazzano then filed the instant amended complaint, adding RLI Insurance Company as a defendant and asserting many of the same claims she asserted in her original complaint.

RMS now moves under Rule 12(b)(6) for partial dismissal of Vazzano's claim under § 1692c(c) of the FDCPA.  Vazzano opposes the motion.  The court is deciding the motion on the briefs.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff's amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive RMS's partial motion to dismiss under Rule 12(b)(6), Vazzano must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative